**Daniel M. O'CONNELL, Appellant,**

v.

**Norma Jean LAMCZYK, Respondent.**

**No. 39200.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

John T. Sluggett, III, Clayton, for appellant.

James F. Koester, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff Daniel O'Connell sued defendant (formerly his wife, Norma Jean O'Connell) for half the money realized from her sale of real estate. The parties' rights arise from a stipulation executed when they were divorced. The trial court denied recovery and plaintiff has appealed. We conclude the husband was entitled to half the proceeds and we reverse and remand.

The parties were divorced in 1972. They then executed a stipulation concerning custody and support of their minor children, fixing alimony and settling their property rights. Its relevant provisions, with our emphasis added:

"10. The plaintiff agrees that he will transfer and convey to the defendant by Quit Claim Deed, upon entry of the Decree of Divorce, all of his rights, title and interest in the real estate known as 1057 Wylin Court, St. Louis County, Missouri. However, *plaintiff retains the right to receive one-half (½) of the net proceeds of the sale of said property* by defendant following the liquidation of any indebtedness on said real estate and payment of the expenses of such sale, when, and, *if, a sale occurs. Defendant further agrees that when, and if, she remarries*, or she and the aforesaid minor children cease using said real estate as their residence, *said real estate* will be placed upon the market for sale and the house *shall be sold* at a reasonable price, *subject to plaintiff's right to receive one-half (½) of the net proceeds of sale. Plaintiff further grants defendant the option, upon the sale of said real estate, upon any event, to retain the entire net proceeds of sale, but only in consideration for the termination of plaintiff's duty to pay defendant the alimony payments provided herein, following the sale of said real estate.*"

Stripped of language now inapplicable, the stipulation required plaintiff-husband to convey to defendant-wife his undivided interest in the family residence, but provided that if she remarried the home would be sold and he would then be entitled to half the net proceeds. The plaintiff granted defendant a conditional option to retain all of the sale proceeds if she released him from his duty to pay her alimony.

At trial on this action the case was submitted on the divorce stipulation and these stipulated facts: (1) On June 7, 1973 defendant remarried, which event terminated plaintiff's duty to pay alimony (2) on July 25, 1973, seven weeks after defendant's remarriage, she sold the real estate and received net proceeds of ten thousand dollars

and (3) plaintiff demanded one-half of that sum but defendant refused to pay.

The trial court entered judgment for defendant. No findings of fact and conclusions of law were requested or filed. This appeal followed.

On appellate review of cases tried without a jury, the court applies the oft-cited criteria of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976).[1] We find the trial court erroneously applied the principles of contract law to the facts in this case.

The primary rule in construing a contract is to ascertain the parties' intention and give effect to that intention. *General Amer. Life Ins. Co. v. Rogers*, 539 S.W.2d 693[6] (Mo.App.1976). We accept the language used in its natural, ordinary and commonsense meaning. *Wilshire Constr. Co. v. Union Elec. Co.*, 463 S.W.2d 903[3] (Mo.1971). The contract is viewed in its entirety and all its terms examined, for one clause may modify, limit or illuminate another. *State Mut. Life Assur. Co. of Worcester v. Dischinger*, 263 S.W.2d 394[5] (Mo.1953), holding that seeming contradictions must be harmonized if reasonably possible.

At the time of the divorce, the parties agreed that the distribution of the proceeds from the sale of the real estate would be handled according to the conditions set forth in paragraph ten of the stipulation quoted above. The second sentence of paragraph 10 clearly applies to the factual situation which arose when defendant remarried. It declared: "Defendant further agrees that when . . . she remarries . . . said real estate . . . shall be sold . . . subject to plaintiff's right to receive one-half (½) of the net proceeds of sale." Defendant did remarry and the property was sold. Thereupon plaintiff was restored to a half interest in the proceeds. The last sentence of paragraph 10 does not change this result since it applied to a situation that never arose, i. e.,

that during the marriage defendant would sell the home and thereafter terminate her right to alimony.

Defendant contends her remarriage terminated plaintiff's duty to pay alimony and simultaneously caused her to exercise her "choice" of retaining the entire sale proceeds. She bases this contention on the phrase "upon any event" in paragraph ten of the stipulation. This phrase contradicts the tenor in paragraph ten which pertains solely to disposition of the parties' real property. The phrase "upon any event" is legal verbiage having no significance in the context used. It is impossible to harmonize defendant's contention with the language of paragraph ten, and to accept her argument on this basis is illogical.

We conclude the parties intended to effect a just and reasonable financial settlement. Our decision is consonant with that intent.

Judgment is reversed and the cause is remanded to the circuit court with instructions to enter judgment in favor of plaintiff and against defendant.

SMITH and McMILLIAN, JJ., concur.

---

caused it to be stricken initially. Unfortunately, the amended brief before this court is hardly more helpful.