**ESTATE OF William H. SCHUETTE, deceased, Dewey Keller, Co-executor, Respondent,**

v.

**Harl FRIEDRICH, et al., Appellants.**

**No. 43493.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 18, 1981.

Tom K. O'Loughlin, II, O'Loughlin, O'Loughlin & McManaman, John Cook, Cape Girardeau, for appellants.

Paul Mueller, Jr., Jackson, for respondent.

CRIST, Presiding Judge.

Appeal from a summary judgment granting equitable apportionment of federal estate taxes. We affirm.

William H. Schuette died December 30, 1978. He left a will dated September 17, 1975 and a codicil to that will dated January 22, 1976. After providing in his will for payment of his lawful debts and various legacies, he bequeathed the residue of the estate to the living Schuettes named in the will.

The question of equitable apportionment of federal estate tax arises out of the following provision of his codicil:

I do hereby give to Harl Friedrich the right to purchase my lower farm of One Hundred Fifty-Five (155) acres, which I purchased in three (3) separate tracts, for Two Hundred Dollars ($200.00) per acre. My executors shall give a Deed of this land to Harl Friedrich and Harl Friedrich shall execute his Note for the purchase price bearing interest at the rate of six (6) per cent per annum and secured by a first deed of trust on the land and said note shall be payable to June Hunt and Geneva Wilkinson equally. This note shall be in payment for the said June Hunt and Geneva Wilkinson caring for me which they have been doing.

The federal estate tax return shows a taxable estate of $392,869.52. Of that value $155,000.00 is attributed to the land which the codicil gave Harl Friedrich the right to purchase. Friedrich's election to purchase the land at a bargain price was considered a bequest of $123,480.00. Federal estate taxes in the amount of $79,128.29 had been paid from cash which was an asset of the estate.

On September 24, 1980, the trial court entered summary judgment for the estate, declaring Harl Friedrich owed the estate a share of federal estate taxes under the doctrine of equitable apportionment.

With no expression of intent to the contrary in the will, equity places the burden of the federal estate tax on the recipient of the property which generates the tax. *In re Estate of Whalin*, 505 S.W.2d 99, 106 (Mo.App.1973). The trial court's order apportioning the estate tax burden according to the share of the taxable estate is correct.

We have considered appellant's other contentions, but they merit no discussion.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.