MERCANTILE TRUST COMPANY, N.A., and Norman E. Wilson, Respondents,

v.

MERCANTILE TRUST COMPANY, N.A., et al., Appellants.

Nos. 46328, 46378.

Missouri Court of Appeals, Eastern District, Division Five.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Brackman, Copeland, Oetting, Copeland, Walther & Schmidt, William J. Oetting, Clyde C. Farris, Jr., Steven W. Garrett, Clayton, for appellants.

Carmody, MacDonald, Hilton & Wolf, P.C., Donald R. Carmody, John E. Hilton, Clayton, for respondents.

FLOYD McBRIDE, Special Judge.

This is a consolidated appeal from a judgment construing the will of Alvin L. Saeks. Appellants contend the Probate Division of the Circuit Court of St. Louis County erred in determining a trust provided for under the will should be funded for the benefit of respondents. Respondents cross-appeal the portion of the court's decision allocating taxes as to the trust. We affirm.

Testator died April 5, 1980 in St. Louis County. His will was admitted to probate May 6, 1980. Mercantile Trust Company and Norman E. Wilson, executors of the estate, petitioned the court to construe the will.

In his will, testator established two trusts, Trust A and Trust B. Trust A, a marital deduction trust, was established to benefit his wife, Mae M. Saeks, and was to be funded with assets qualifying for marital deduction treatment under the Internal Revenue Code. The will also provided for encroachment on the principal to ensure Mrs. Saeks would receive annual payments of $25,000. Mrs. Saeks also was granted an exclusive power of appointment over any assets remaining in Trust A.

The will directed the executors to pay all taxes generated by testator's death from the residuary trust, Trust B. The will provided that upon the death of the testator and his wife, any taxes incurred on the remaining assets of Trust A would be paid out of Trust A. The net income of the remaining balance of Trust A then was to be paid to testator's daughter, Norma Jean Zachritz, with a remainder interest in the corpus to pass to her children upon her death. Norma Jean Zachritz and her children, Kathleen Dressler (nee Zachritz), Kimberle Alayne Zachritz and Walter Howard Zachritz (a/k/a Howard Zachritz), are the respondents and cross-appellants (hereinafter "respondents").

Mrs. Saeks was also the income beneficiary of Trust B, a residuary trust. Upon her death, the corpus of Trust B (less certain specific bequests) was to be divided equally among testator's brothers and sister who are Sam L. Saeks, Reuben Saeks and Jeanne Grisseau, are the appellants and cross-respondents (hereinafter "appellants").

Mrs. Saeks died February 13, 1980. Testator died less than two months later. The executors of Mr. Saeks' estate, in response to objections raised by appellants, petitioned the court to construe Mr. Saeks' will. The executors stated the provisions as to Trust A were unclear because Mrs. Saeks had predeceased testator. Appellants filed an answer and counterclaim. Respondents filed an answer to the executors' petition and an answer to appellants' counterclaim.

The probate division entered its order August 20, 1982. The court ordered that Trust A be funded to the benefit of respondents. The court held the amount of Missouri inheritance taxes on Trust A assets that would have been paid out of Trust B if testator's wife had survived him should be paid out of Trust A. The Missouri inheritance taxes generated by the transfer of assets into Trust A that would not have accrued if testator's wife had survived him were ordered paid by the parties receiving Trust A assets. The court invoked the doctrine of equitable apportionment as to federal estate taxes and held the parties would have to pay their respective taxes on the assets they receive from each of the trusts.

This appeal follows. Appellants claim the trial court's order was in error because the will had directed the executors to fund Trust A with assets that qualified for a marital deduction under the Internal Revenue Code. Appellants argue that because testator's wife had predeceased him, the marital deductions statute would not apply to any of the assets and the trust should not be funded.

The will provisions in dispute state:

Article Two. 2.03 I direct my Executor to set aside a portion of my estate having a value as will most closely equal (1) one-half (½) of the value of my adjusted gross estate ... as finally determined for Federal estate tax purposes, less (2) the value of all interests in property, if any, which pass or have passed to my wife under other provisions of the Will, or otherwise than under this Will, but only to the extent that such interests are for the purposes of the Federal Estate tax included in determining my gross taxable estate and are allowable as a marital deduction. The portion as so determined and set aside may be either in cash or in kind or both as determined by my Executor, in his sole and absolute discretion, *but must consist of assets qualifying for said marital deduction* valued at their fair market value on the dates of distribution. (emphasis added).

I give, devise and bequeath this portion of my estate to the Trustees hereinafter named, in trust nevertheless, to hold and administer as a separate trust as hereinafter provided.

(a) All the property given, devised and bequeathed under the provisions of Article Two, paragraph 2.03 of this, my Will, to the said Trustees, shall be held and administered by the said Trustees as a separate trust to be known as Trust "A".

\*   \*   \*   \*   \*   \*

(f) Upon the death of the survivor of my wife, MAE M. SAEKS, and myself, any part or all of Trust A which is not distributed under the preceding provisions of this Article, shall be held, administered, and ultimately distributed as hereinafter provided.

\* \* \* \* \* \*

(2) The entire net income from the then remaining balance of said Trust A shall be paid to my daughter, NORMA JEAN ZACHRITZ, in installments not less frequently than quarterly so long as she may live.

(g) Upon the death of the survivor of my said wife, my said daughter, and myself, the then remaining balance in Trust A shall be divided by the Trustees into as may equal shares as shall be required to allot one (1) share to each child of my daughter, ... then living, . . . .

In reaching a decision on the construction of testator's will, there are certain fundamental legal principles we find necessary to bear in mind. As our court in *In Re Estate of Stengel*, 557 S.W.2d 255, 258 (Mo.App.1977), stated before setting forth its holding in a case construing a will, "With respect to our function in reviewing the judgment of the Circuit Court we must review this case upon both the law and the evidence as in suits of an equitable nature, giving due regard to the opportunity of the Circuit Court to have judged the credibility of the witnesses."

■ The judgment of the trial court should be sustained unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law; and the power to set aside a decree or judgment on the ground it is against the weight of the evidence should be exercised with caution and with a firm belief the decree or judgment is wrong. *Id.* at 258–59 *citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ We note the "keystone of construction" in determining the meaning of a will is the intent of the testator, and this intent must be gathered from the whole will and not from single words, passages or sentences. *Farkas v. Calamia*, 373 S.W.2d 1, 2 (Mo.1963). A will should always be interpreted to carry out as far as possible the general scheme or intent as shown by the entire document. *Mercantile Trust Company v. Sowell*, 359 S.W.2d 719 (Mo. banc 1962).

Our review of Mr. Saeks' entire will plainly shows his general scheme and intent were to provide for his wife and then for their only child and grandchildren. He did so by establishing Trust A, an estate planning device whereby one-half of his adjusted gross estate could pass to his wife without the imposition of federal estate taxes. He also allowed his wife to encroach upon Trust B. Thus evincing his intent to care for her at the cost of reducing the assets of Trust B and preserve the assets of Trust A for her disposition to their child and grandchildren.

■ We do not see the provision that the trust be funded with assets qualifying for the marital deduction as being a "threshold requirement" to funding the trust, as appellants claim. Rather, we view the requirement as a way of carrying out the testator's intent to provide for his wife and, upon her death, for his daughter and grandchildren.

■ Mr. Saeks' will provided that Trust A be funded with assets *qualifying* for the marital deduction under the Internal Revenue Code. This requirement still can be met. Assets that qualify for the marital deduction under I.R.C. § 2056 (1978) [1] are those that are non-terminable interests rather than terminable interests. Obviously, property has to pass to the spouse for the estate to *obtain* the marital deduction, but whether the property interest is of a type *qualifying* for the marital deduction

---

**1.** Section 2056 was amended again in 1981 and 1983, but we apply the statute in effect at the time of the testator's death in 1980.

is based on the nature of the interest and not upon to whom it passes.

We hold the trial court correctly ordered the executors to select assets valued at one-half of the testator's adjusted gross estate as finally determined for United States estate tax purposes. The court ordered the assets held in Trust A, with income paid to the decedent's daughter, Norma Jean Zachritz, for life in installments paid not less frequently than quarterly. The court ordered that on the death of the daughter, the remaining balance in the trust shall be distributed by the trustees to the grandchildren in the shares specified by the will.

We now turn to respondents' claims on cross-appeal. Respondents contend the trial court erred in holding state and federal taxes must be paid out of Trust A assets. Respondents argue Section 1.02 of testator's will clearly instructs that *all* taxes be paid out of Trust B. Section 1.02 states:

> All estate, legacy, succession, transfer or inheritance taxes, including any interest or penalties thereon, imposed by any domestic or foreign laws, now or hereafter in force with respect to all property taxable under such laws by reason of my death, whether or not such property passes under this, my will, and whether such taxes be payable by my estate or by any recipient of any such property, shall be paid by my executor (with no right of reimbursement from any recipient of such property) out of the residual portion of my estate disposed under Article Two, paragraph 2.09 of this, my will.

Section 1.02 does provide for all taxes on testator's estate to be paid out of Trust B. This provision, however, must be read in conjunction with the entire will to determine testator's intention. *Farkas v. Calamia*, 373 S.W.2d at 2. We also find Section 2.03(f)(1) and (2) to be significant. That section provides:

> (f) Upon the death of the survivor of my wife, MAE M. SAEKS, and myself, any part or all of Trust A which is not distributed under the preceeding provisions of this Article, shall be held, administered, and ultimately distributed as hereinafter provided.
>
> (1) In such event, I authorize my Trustees to pay any estate, legacy, succession, transfer or inheritance taxes, including any interest or penalties thereon, imposed by any domestic or foreign laws now or hereafter in force, with respect to the said part or all of Trust A taxable under such laws by reason of the sole and absolute discretion, to pay any part or all of the debts and funeral and burial expenses of my said wife which her separate estate may not be sufficient to pay.
>
> (2) The entire net income from the then remaining balance of said Trust A shall be paid to my daughter, NORMA JEAN ZACHRITZ, in installments not less frequently than quarterly long as she may live.

Section 2.03(f)(1) and (2) may appear, upon a first reading, to contradict Section 1.02. We find there is no contradiction, however, when the provisions are read within the full context of the will. It is clear testator's primary intention was to establish a trust to benefit his wife and, upon her death, his only child and grandchildren. Testator established Trust A, whereby one-half of his adjusted gross estate could pass to his wife free of federal estate taxes. He placed the remainder of his assets into Trust B and provided that the required taxes be paid out of this trust. Consequently, when testator provided for *all* taxes on his estate to be paid out of Trust B, he intended only federal and state taxes on Trust B and state taxes on Trust A would be necessary. Testator's wife did not survive him, however, and the assets passing into Trust A no longer enjoyed their federal temporary tax-free status. Under these circumstances, the trial court correctly held Trust B's legatees should not bear the full tax burden for Trust A.

Respondents argue testator intended the benefits from Trust A to pass unreduced by taxes to his wife and respondents. Their argument is not supported by a reading of the will. We find Section 2.03(f) to be significant because it demonstrates tes-

tator intended the respondents to receive Trust A benefits after his wife had died. If his wife had exercised her power of appointment over Trust A, the benefits would have passed to respondents only after that appointee had died. Section 2.03(f)(1) authorizes the trustees to pay out of Trust A any taxes on Trust A generated by his wife's death. The respondents would receive Trust A benefits only after the payment of these taxes. Respondents' argument would result in them receiving the entire estate of Trust A free of all tax obligations when testator had intended them to receive the benefits of Trust A only after his wife's death and after taxes had been paid. The trial court's decision that respondents should pay a share of the estate taxes is consistent with testator's intent.

Respondents next argue that even if the probate court was correct in invoking the doctrine of equitable appointment, the doctrine was misapplied. The doctrine of equitable apportionment was first adopted in Missouri in *Carpenter v. Carpenter*, 364 Mo. 782, 267 S.W.2d 632 (1954). The doctrine holds that in the absence of a clearly expressed intention to the contrary, the estate tax attributable to particular property shall be paid out of that property.

Respondents argue testator clearly expressed an intention that all of the taxes on Trust A would be paid out of Trust B. We do not find such a clear intention. As we already have discussed, the trial court correctly held Section 1.02 of the will was drafted with the understanding testator's wife would survive him and only Trust B assets would be subject to federal estate taxes upon his demise. Testator's intention pertaining to the payment of federal and state taxes in the event his wife predeceased him is vague. Under the present circumstances, the probate court correctly used the doctrine of equitable apportionment in assigning payment of taxes to the legatees on their respective trust assets.

Under the allocation approved by the probate court, Trust A will be valued at $482,-000 after taxes and Trust B at $368,800. If respondents' position were accepted and the entire burden of taxes placed on Trust B, Trust A would be valued at $710,000 and Trust B at $135,000. In the absence of a clear statement of testator's intention, the division of taxes between the two trusts approved by the trial court provides a fair and equitable basis for distribution of the tax burden in this case.

■ Respondents also argue the doctrine of equitable apportionment only should be used when testamentary and non-testamentary property passes to distributees of a decedent. Respondents argue if only testamentary property is involved, the "burden on the residue" concept applies and the residuary estate must pay the taxes for the entire estate. Respondents' contention is without merit. The use of the doctrine of equitable apportionment in the cases cited by respondents that involved testamentary and non-testamentary property does not support respondents' contention the doctrine can only be used in such cases. The doctrine is equally applicable in cases involving only testamentary property. *See Estate of Schuette v. Friedrich*, 620 S.W.2d 455 (Mo.App.1981). In *Estate of Schuette*, we stated, "With no expression of intent to the contrary in the will, equity places the burden of the federal estate tax on the recipient of the property which generates the tax." *Id.* at 456 *citing In re Estate of Wahlin*, 505 S.W.2d 99, 106 (Mo. App.1973).

Testator's will fails to contain any expression of intent, express or implied, as to where the burden of the estate taxes should fall in the event his wife predeceased him, much less a clearly expressed intention the burden should fall on Trust B.

In conclusion, we hold the trial court correctly held Trust A should be funded and correctly applied the doctrine of equitable apportionment to the allocation of taxes.

Affirmed.

DOWD, P.J., and SATZ, J., concur.