Michelle HOLLIS, et al., Minors
(Southwestern Bell Corp.),
Plaintiffs–Respondents,

v.

The ESTATE OF Adell HOLLIS,
et al., Defendants–Appellants.

No. 61668.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Jan. 19, 1993.

Nadine V. Nunn, St. Louis, for defendants-appellants.

Bert L. Gates, St. Louis, for plaintiffs-respondents.

KAROHL, Chief Judge.

This appeal follows a court tried case in the probate court. Southwestern Bell Corporation and General American Life Insurance Company filed an interpleader petition in the decedent estate of Adell Hollis. They alleged conflicting claims of two minor children of Adell Hollis and Mary Ann Citchen as trustee for the children. The court found no trust was created by the Will of Adell Hollis or in any separate document. The court ordered the funds paid directly to the children. Mary Ann Citchen as trustee appeals.

On November 29, 1982, decedent signed a Beneficiary Designation form with her employer, Southwestern Bell. The form named her two minor children as beneficiaries and her sister, Mary Ann Citchen, as trustee for the children. Additionally, decedent checked a box marked Trustee Designation and completed the name and address portion. She did not, however, complete the blanks asking for the title of the trust agreement or the date executed.

Sixteen days after executing the Beneficiary Designation form, decedent drafted her own Will. In that document, she again named her sister as trustee for her children. In addition to the life insurance proceeds, decedent wanted all her assets, with a few named exceptions, to be included in the trust. The relevant portions of the Will are as follows:

All of funds from my insurance policies and whateverother (sic) means that is mine goes into the trustee (sic) for my children.

Mary is trustee over my estate and has the authority to use the fund to pay for my children (sic) support and welfare ...

I leave sole ownership and control of my business, Hollis Enterprises, Inc., to my children, Derris and Michelle equally and I request that my sister, Mary oversee and give guidance and advice to the best of her ability to the running of the business until my children are 30 years old.

... I leave my shares of AT & T, SW Bell stock to my children with Mary as Trustee for them. My wish is that they use the money for college education.... All of my cash assets should be put into a trustee (sic) for DERRIE & MICHELLE which will be distributed to them at age 25.

Decedent died on April 26, 1987. At that time, her former husband was named conservator for their then minor children and her sister was named personal representative. Southwestern Bell and General American instituted an interpleader action when both the conservator and personal representative/trustee claimed the funds.

The court entered judgment giving title to one half of the insurance proceeds to decedent's son, who had reached the age of majority. The other half was given to the conservator for decedent's daughter. The basis for this order was that the Will was not sufficiently specific to create a trust. We disagree.

In two points on appeal, the personal representative/trustee claims the court erred in misconstruing the Non–Probate Transfer Law and misinterpreting decedent's intent. We will address the points as one.

■ Since the case was court tried, it is our duty to affirm the judgment if it is supported by substantial evidence, if it is not against the weight of the evidence, and if it is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The will and trust agreement form a part of the same estate plan, therefore, they must be construed together. *Schupbach v. Schupbach*, 760 S.W.2d 918, 924 (Mo.App.1988). To create a valid trust, there must be a beneficiary, a trustee, a trust corpus and actual delivery, assignment or conveyance of legal title to the trustee. *Estate of Harvey v. Luther College*, 802 S.W.2d 585, 588 (Mo.App.1991). "The paramount rule of construction in determining the meaning of a trust provision is that the grantor's intent is controlling." *Marvin F. Hall Trust v. Hall*, 810 S.W.2d 710, 713–14 (Mo.App.1991).

■ Additionally, the keystone of construction in determining the meaning of a will is intent of testator, and this intent must be gathered from the whole will and not single words, passages or sentences. *Mercantile Trust Co. v. Mercantile Trust Co.*, 677 S.W.2d 343, 346 (Mo.App.1984). A will should always be interpreted to carry out as far as possible the general scheme or intent as shown by the entire document. *Id.*

■ We find the court failed to honor grantor's intent in finding no trust was created. The absence of legal counsel is obvious. However, the children are named beneficiaries, the sister is named as trustee, the corpus is discernable and a time to terminate the trust is defined. The powers and duties of the trustee are not detailed but the purpose of the trust, to protect testatrix's children, is clearly expressed. The corpus consists of "funds from my insurance policies and whateverother (sic) ... that is mine," and shares of stock. In contrast the ownership of Hollis Enterprises, Inc., is not a part of the corpus. Mary Ann Citchen is to advise but not own the business as trustee. This distinction is additional support for recognizing Mary as a trustee of "funds" [from insurance or from "whateverother" means]. Where the intent to create a trust is clear and all necessary elements supplied, the numerous problems in managing the trust because of absence of well advised and detailed provisions will not defeat recognition of intent.

As a basis for its order, the court found instructions to the "trust" provisions unclear because the decedent made various age references. We find no such ambiguity in her plan when the documents are read as a whole and taken together. In the Beneficiary Designation form, decedent referred to her "minor children." Because the children were minors when the Will was drawn, this was merely a descriptive term. In the Will, she wrote the children were to receive their share of non-business assets at age twenty-five and business assets at thirty. We find no conflict between the use of "minor" and the specific age directions for distribution.

Decedent's intent to set up a trust is evident in the Will. In three places, she

specifically refers to her sister as trustee for her children and in one as an advisor, not trustee. She explicitly states what assets should be part of the trust corpus. In addition, she states the purpose of the trust is to provide for the needs of her children. It is evident that she did not want the funds paid in full before ages twenty-five and thirty.

■ Respondent claims the sequence and time gap between signing the Beneficiary Designation and the Will prevents formation of a valid trust. However, the proceeds due on a life insurance policy pass without probate, to designated beneficiaries even if such instructions are contained in a subsequently executed document, in this case the Will. *Prudential Ins. Com. of America v. Gatewood*, 317 S.W.2d 382, 388 (Mo.1958). *See* § 461.017(1) RSMo Cum.Supp.1992, effective August 28, 1989. The time gap does not alter our duty to construe the documents together. Therefore, the time delay does not effect the validity of the trust.

Reversed and remanded.

CRANDALL, P.J., and PUDLOWSKI, J., concur.