**54**

George E. McINTYRE, Respondent,

v.

**Wayne F. KILBOURN, Appellant.**

No. WD 48582.

Missouri Court of Appeals,
Western District.

Oct. 25, 1994.

Timothy J. Murphy, Kansas City, for appellant.

Kent W. Minton, Kansas City, for respondent.

Before KENNEDY, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Marjorie Kilbourn died on July 11, 1991, a resident of Jackson County, Missouri. Her will was admitted to probate in Jackson County by order dated July 2, 1993. George E. McIntyre was named in the will as "personal representative and executor" of the will, with United Missouri Bank of Kansas City, N.A., as alternate. George E. McIntyre qualified as personal representative and letters testamentary were issued to him.

The dispute which this case presents is between Marjorie Kilbourn's surviving husband, Wayne Kilbourn, and her nephew (who was also the personal representative), George E. McIntyre. The subject of the dispute is a 1989 Lincoln automobile and certain jewelry owned by Marjorie at the time of her death.

The jewelry consisted of a diamond engagement ring, a wedding ring, a pearl necklace, and diamond earrings, which Wayne Kilbourn had given to Marjorie as gifts.

The 1989 Lincoln automobile and the jewelry are claimed by nephew George under the following provision of Marjorie's will:

### ARTICLE V

I give, devise and bequeath my jewelry, my stamp and coin collections, and my Lincoln automobile to my nephew, George Ewing McIntyre.

Marjorie's husband, Wayne, claims the 1989 Lincoln under the following provision of Marjorie's will:

## ARTICLE VI

I bequeath all other tangible personal property owned by me at the time of my death, including but not limited to clothing, chinaware, silverware, books, pictures, paintings, furniture, and household goods and furnishings of every kind and character, including any policies of insurance I may have insuring any of the foregoing items owned by me at the time of my death, to my husband WAYNE F. KILBOURN, provided he survives me.

The probate court held that the property passed to nephew George under the will, and husband Wayne has appealed.

### The Automobile

At the time of the execution of her will, August 16, 1986, Marjorie owned a 1984 Lincoln automobile. In 1990, however, she acquired a different Lincoln automobile, a 1989 model, and later sold the 1984 model. Did the 1989 Lincoln pass to George under her 1986 will, or was the bequest to George of "my Lincoln automobile" adeemed when the 1984 model was disposed of?

The decedent and Wayne Kilbourn were married in 1964. They entered into a prenuptial agreement, by which they agreed to keep their property separate. They remained married until Marjorie's death.

Marjorie's will made the following disposition of her estate: To her husband she gave her doll collection; the property described in Article VI above; and the right to occupy their residence during his lifetime.

To her nephew, George McIntyre, Marjorie's will gave the property described in Article V above; the residence, subject to Wayne Kilbourn's right to occupy it during his lifetime; and half the residuary estate. The other half of the residuary estate went to various charities.

The probate court was correct in holding that George E. McIntyre was entitled to the 1989 Lincoln automobile under the will.

It is the intent of the testator as disclosed by the entire will which must be given effect. *See Mercantile Trust Co. v. Mercantile Trust Co.*, 677 S.W.2d 343, 346 (Mo.App.1984); § 474.430, RSMo 1986. The testamentary language upon which Wayne Kilbourn relies (Article VI of the will, copied above) may not be read in isolation from the rest of the instrument. If the language could be isolated from the remainder of the will, then the inclusive term "tangible personal property" would include an automobile. At the time she signed the will, however, Marjorie did not intend Wayne Kilbourn to receive an automobile; by the preceding paragraph, she had specifically given to George E. McIntyre the only automobile she had, and no automobile was to go to Wayne Kilbourn. In a later article of the will (Article IX), she expressly says: "I make no provision for (my husband) herein, other than the gifts made in Articles IV, VI and VII hereof, for the reason that he is otherwise well provided for." Wayne Kilbourn's position, i.e., that Marjorie intended, when she acquired the 1989 Lincoln in 1990, to enlarge his share of her testamentary estate, does not comport with the testamentary scheme shown by the entire will. More in keeping with the testamentary pattern is the George McIntyre position, which is that the "tangible personal property" which was given to Wayne Kilbourn was limited to that type of property which was named, to wit, "clothing, chinaware, silverware, books, pictures, paintings, furniture, and household goods and furnishings of every kind and character." These items are items which are found inside the house, and are necessary or useful in the equipment and operation of a household. The rule of *ejusdem generis* holds that a general term, followed, or preceded by, an enumeration of specific terms, is limited by the nature of the specific terms and is not to be given its broadest inclusive meaning. *See, e.g., Breckner v. Prestwood*, 600 S.W.2d 52, 57 (Mo.App.1980); *Phoenix Assurance Co. of New York v. Royale Inv. Co.*, 393 S.W.2d 43, 47 (Mo.App.1965). *Cf. Sutherland Stat. Const.* § 47.17 (5th Ed.1992) (discussing rule of *ejusdem generis* in statutory construction.) The rule of *ejusdem generis*, of course, is

only an aid to divining the intent of the author, and may yield to other indications of a contrary intent. But in this case, the rule of *ejusdem generis* seems to point in the same direction as other signs that lead to an intent, on the testator's part, not to bequeath her Lincoln automobile to Wayne Kilbourn.

We find, then, as did the trial court, that it was not the testatrix's intention, as that intention is derived from the entire will, to give her husband her automobile.

We have concluded that the term "my Lincoln automobile" in Article V includes the Lincoln automobile acquired after the will was executed, and it goes to George E. McIntyre under the will.

■ The testator is presumed to have known the contents of her will. She lived two years after she acquired the 1989 Lincoln car, during which time she could have changed her will if it did not express her testamentary wishes. In fact, on April 23, 1991, the will was read aloud to her, word for word, by her attorney. She listened closely, and made no changes. It is often said a person's will speaks as of the date of his death, not as of the date of its signing. *Hereford v. Unknown Heirs, Grantees or Successors of Tholozan*, 365 Mo. 1048, 292 S.W.2d 289, 293 (banc 1956). She knew that the description "my Lincoln automobile" now suited the 1989 model as well as it had suited the 1984 model. If her purpose was to leave the 1989 Lincoln to George E. McIntyre, there was no need to revise her will. Only if she wished to make some other testamentary disposition of the car, would she need to revise the will, eliminating from the will the specific bequest of the automobile to George E. McIntyre.

Husband Wayne Kilbourn claims there was an ademption of the bequest of the Lincoln automobile to nephew George E. McIntyre when the 1984 Lincoln was disposed of. One of the ways an ademption occurs is by an act of the testator "by which a specific legacy has become inoperative on account of the withdrawal or disappearance of its subject matter from the testator's estate during his lifetime". *Buder v. Stocke*, 343 Mo. 506, 121 S.W.2d 852, 857 (1938). That case goes ahead to say it is "some act equivalent to revocation or indicative of an intent to revoke." *Id.* at 857. The trial court did not find that Marjorie's exchange of automobiles was intended by her to revoke the bequest to George E. McIntyre, and we find no error in that determination.

### The Jewelry

■ Husband Wayne Kilbourn's claim to the jewelry rests upon a more tenuous foundation. He claims a gift to himself by the decedent. There is no evidence to support such a gift. There was a conversation between him and Marjorie in 1979, he testified, in which she agreed with him that the custom of returning to the giver, at the decedent's death, property which the decedent had received as a gift, "was a good idea." "[S]he thought it was a very good idea and decided to do that. And we both decided that would be a good thing to do."

Nothing was done to implement this conversation. There was no delivery of any jewelry to Wayne Kilbourn. He did not know where Marjorie kept the jewelry, and she could do with it as she pleased. It was seven years after this conversation that Marjorie made her will, which gave all her jewelry to George E. McIntyre. The intent to make a gift is not a gift. *See Duvall v. Henke*, 749 S.W.2d 714, 716 (Mo.App.1988). In this case, if Marjorie ever intended to make a gift of any part of the jewelry to Wayne Kilbourn, the gift was never completed. There was testimony from Wayne Kilbourn and from Mrs. Raymond, the attorney who drafted the will, of some vague statements from Marjorie that "you (Wayne Kilbourn) got the car," and approving the proposition that gifts should be returned to the gift giver. It was upon this very occasion that Marjorie Kilbourn had her 1986 will read to her by Mrs. Raymond, her lawyer, and she made no changes in it.

There was no gift of the jewelry to Wayne Kilbourn. The evidence supports the probate court's finding on this point.

The judgment of the trial court awarding the 1989 Lincoln automobile and the disputed jewelry to George E. McIntyre is amply sup-

ported by the evidence, and the judgment is affirmed.

All concur.