In re the Matter of Michelle
HOLLIS, et al., a minor.

SOUTHWESTERN BELL
CORPORATION, et
al., Plaintiffs,

v.

The ESTATE OF Adell HOLLIS,
et al., Defendants.

No. 65104.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 27, 1994.

Richard B. Blanke, Uthoff, Graeber, Bobinette & O'Keefe, St. Louis, for appellant.

Bert L. Gates, Kuelker, Gates & Schaumann, P.C., St. Louis, for respondent.

Before AHRENS, P.J., and SIMON and KAROHL, JJ.

### MEMORANDUM DECISION

PER CURIAM.

Appellant, Mary Ann Citchen (trustee), appeals the trial court's order terminating the testamentary trust of Adell Hollis (decedent) as to one of the beneficiaries, Derrie Hollis, Jr. (Derrie) and permitting Derrie to retain trust funds that were distributed to him earlier. Decedent drafted her own will, naming her sister as trustee for her children, Derrie, who was 19 years old at the time of his petition to terminate the trust, and Michelle, then age 14. Trustee contends on appeal that the trial court erred in (1) denying her motion for restitution in contravention of our decision in *Hollis v. Estate of Hollis*, 845 S.W.2d 156 (Mo.App.E.D.1993) (*Hollis I*), that decedent, in her will, intended to create a trust for her children and that trustee was entitled to its funds; and (2) terminating the testamentary trust prior to the date of termination expressed therein where there was no competent and substantial evidence that the

termination would benefit the remaining minor beneficiary.

The substantive facts appear in *Hollis I, supra.* Trustee argues that we determined in *Hollis I* that decedent intended a single trust for the benefit of both of her children. Our reading of *Hollis I,* however, indicates that the decision did not address the number of trusts, but only that the trial court erred "in finding no trust was created." *Id.* at 158[6]. Here, the trial court found that two trusts were created, terminated Derrie's trust and authorized him to retain the funds of which trustee sought restitution.

Our review is governed by the oft-cited principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32[1].

Trustee's second point on appeal is relevant only if there was a single trust. We conclude that the trial court's finding that decedent intended to create separate trusts for each of her children is supported by competent and substantial evidence on the whole record and no error of law appears. Therefore, there were no minor beneficiaries of Derrie's trust, *see* § 456.590.2, R.S.Mo. 1986, and it is not necessary to review trustee's second point.

An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).