GENERAL AMERICAN LIFE INSURANCE CO., a corporation, Plaintiff,

v.

Vera Jean ROGERS,
Defendant-Appellant,

Vanita M. Rogers et al.,
Defendants-Respondents,

and

Bernice Swaim, Defendant.

No. 37258.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 6, 1976.

James F. Hespen, St. Louis, for appellant.

Dale L. Rollings, St. Charles, for respondent.

Joel D. Monson, St. Louis, for plaintiff.

James E. Hawk, Jr., St. Louis, for defendant Bernice Swaim.

SIMEONE, Judge.

This is an appeal by defendant-appellant, Vera Jean Rogers, the wife of deceased, Eugene Leroy Rogers, from a summary judgment entered by the circuit court of the City of St. Louis which denied her any rights in the proceeds of a group life insurance policy issued by General American Life Insurance Company on the life of the decedent. For reasons hereinafter stated, we affirm the judgment.

Prior to May 23, 1972, Eugene Leroy Rogers and Vanita M. Rogers were husband and wife. Four children were born of the marriage—Terry, Vickie, Bruce and Holly. Mr. Rogers was employed by Union Electric Company of Missouri and was insured under a group insurance policy issued by General American to Union Electric. He became insured under the policy on September 17, 1953. Over the years the policy increased in value.

On May 23, 1972, Eugene and Vanita were divorced by decree of the circuit court

of Warren County. On the same date, they executed a "Stipulation and Property Settlement Agreement," which was incorporated by reference into the decree. On July 27, 1974, Mr. Rogers was killed accidentally and as a result accidental death benefits became due and owing to his proper beneficiary. The proceeds of the policy amounted to $30,000 death benefits and $30,000 double indemnity, for a total of $60,000.

On November 18, 1974, General American filed its petition in interpleader pursuant to Rule 52.07 and alleged that conflicting claims had been made for the proceeds of the policy by (1) appellant, Vera Jean Rogers, the wife of decedent at the time of his death, (2) by a trustee for his children, Bernice Swaim, under a change of beneficiary form, and (3) by his four children and his former wife, Vanita, on behalf of the minor children.

All these parties were made defendants. The petition prayed that they be required to interplead and that General American be discharged from liability with costs.

The conflicting claims to the proceeds of the policy arise because of the legal effect of the stipulation and property settlement agreement entered into by Eugene and Vanita at the time of their "divorce." In the document, Mr. Rogers agreed in paragraph 8: (1) to cause the Union Electric Group policy in the amount of $4,500.00 [1] "to be continued in full force and effect"; (2) to continue to permit deductions from his pay to be made in order to retain the policy in full force and effect; (3) "to designate as beneficiaries of the aforementioned group life insurance [policy] the children of the marriage of the parties, equally"; (4) in the event he remarries and has children, he may "be entitled to name and to designate said subsequent born children also as beneficiaries on the afore-described life insurance policies, provided that all of his children, whether born of this marriage or hereafter, shall remain on an equal and irrevocable basis"; (5) to designate the "present children of his marriage as irrevocable beneficiaries"; and (6) "to perform whatever acts are necessary to effect the irrevocable beneficiary status of his children. . . . "

On June 9, 1972, Mr. Rogers executed a change of beneficiary form with General American naming as his beneficiaries his four children, Terry, Vickie, Bruce and Holly Renee, "equally if living, or to the survivor(s) among them." And he named his sister, Bernice Swaim, as trustee to receive any amount due "a beneficiary who is a minor when amount becomes payable. . . . "

Then, on January 25, 1973, he executed another change of beneficiary form which added his second wife, Vera Jean, as an additional beneficiary.

After all pleadings were closed, and interrogatories were filed and answered, each of the conflicting claimants—Vera, Bernice Swaim, Vanita and the four children—filed a motion for summary judgment together with supporting affidavits. Rule 74.04. The four children prayed the court to enter summary judgment in their favor and requested that they each receive a one-fourth share of the proceeds of the policy and that the shares payable to the minor children, Bruce, Holly and Vickie, be paid to their natural mother, Vanita. Vera sought summary judgment and prayed that the court distribute from the proceeds of the policy a one-fifth interest to her and to "Bernice

---

1. Paragraph 8 specifically reads: "The defendant agrees to cause General American Life Insurance Company group policy # G–5750 in the amount of $500 Dollars upon defendant's life; Union Electric Group Policy # G–5750 in the amount of $4,000 Dollars upon defendant's life; . . . to be continued in full force and effect, and defendant further agrees to continue to permit deductions fron [sic] his pay to be made in order to retain said policies in full force and effect. Defendant agrees to designate as beneficiaries of the aforementioned group life insurance policies the children of the marriage of the parties, equally. . . . " There was only one group policy G–5750. He further agreed that in the event he remarried and other children were born, he was entitled to name and designate the subsequent born children as beneficiaries to share equally. No children were born to Mr. Rogers and his second wife, Vera.

Swain [sic], the one-fifth interests due the" children.

Bernice Swaim, as trustee, prayed that the interests due the minor children (Bruce, Vickie and Holly) be distributed to her as trustee.

After discharging General American from any further liability in the cause, the motions were argued and submitted. The trial court held that (1) the cause was a proper one for summary judgment, (2) the four children, as a result of the stipulation and settlement, acquired a property interest in the proceeds of the policy which could not be divested by subsequent attempts by Mr. Rogers to change the beneficiaries contrary to the stipulation, (3) Mr. Rogers had no power to add his second wife, Vera Jean, as a beneficiary, and (4) the contention of Vera that Mr. Rogers by the stipulation attempted to guarantee to his children a total of $4,500.00 only, was without merit because the "use of the figures totaling $4,500.00 in paragraph 8 of the Agreement was only an attempt to aid in the designation or description of the policy and not an attempt to limit the proceeds."[2]

The court therefore concluded that the children were the proper beneficiaries and ruled that Vanita was the proper person to receive the proceeds due the minor children, subject to the jurisdiction, instruction and guidance of the probate court. The court therefore overruled the motions for summary judgment of Vera and Bernice Swaim and sustained the motion of Vanita and the four children. The court ordered that one-fourth of the funds be awarded the adult child, Terry, the other three children be each paid a one-fourth share and that their mother establish a guardianship of the estates of the minor children and upon exhibi-

tion of letters, the three shares for the minor children be paid to her as guardian.

Vera Jean Rogers appealed. On this appeal she contends that the court erred (1) in finding that Mr. Rogers could not add her as a beneficiary thus entitling her to one-fifth of the proceeds of the policy, and (2) in not finding that the intent of the parties to the divorce stipulation was to limit the proceeds of the policy "so that the insured was to set aside for his children" only $4,500.00 rather than the total amount of the proceeds. She argues that paragraph 8 of the stipulation shows that Mr. Rogers had entered into a contract for only a portion of the "$30,000.00 . . . Group Policy" and "[a]s to the remaining proceeds [$30,000 less $4,500?], the insured could add additional beneficiaries as long as he did not encroach on the . . . $4,500.00 . . . of the proceeds of such policy. . . ."[3]

■ She bases her contention on the principle that where a policy of life insurance is issued reserving to the insured the right to change the beneficiary, the issuance of the policy does not confer a vested right in the beneficiary, and the insured has the right to change a beneficiary without the knowledge or consent of the original beneficiary. *Postal Life and Casualty Insurance Co. v. Tillman,* 287 S.W.2d 121, 125–126 (Mo.App.1956). She also argues that the thrust of the settlement agreement was to limit the proceeds to the children in the amount of $4,500, since paragraph 8 is clear and unambiguous, and the other provisions of the stipulation show that Mr. Rogers was designating only $4,500 for his children, and hence he had a right to include his wife, Vera, as an additional beneficiary, thus reducing the childrens' shares to one-fifth, rather than one-fourth.[4]

2. The court reasoned that "[t]he insured makes no mention of any reservations of the balance [of the proceeds] and the document when viewed as a whole evidences an attempt to designate the whole policy for the benefit of his minor children rather than limit any one part of it for that purpose. That argument is therefore ruled against defendant, Vera Rogers."

3. This argument is difficult to follow. If the children were limited to $4,500.00 (not each),

there would be $55,500 remaining from the $60,000 accidental death benefits. We perceive that Vera is therefore seeking one-fifth of $55,-500.

4. If this contention is logically followed, it is difficult to comprehend why the children are entitled to one-fourth of the proceeds. If Mr. Rogers intended to limit the children to $4,500.00, why then are they entitled to one-fifth share of the proceeds?

We disagree with the contentions raised by appellant and affirm the summary judgment entered by the trial court.

■ This is a proper case for summary judgment. Rule 74.04(c) provides that if the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law," summary judgment shall be rendered. See also *Hurwitz v. Kohm*, 516 S.W.2d 33 (Mo. App.1974). The material facts were not substantially in dispute; the question was one of law to be determined by the trial court.

■ As to appellant's first point, that the court erred in finding that Mr. Rogers could not add the appellant as an additional beneficiary, she claims that under the law the insured has the right to change a beneficiary in this case as long as Mr. Rogers did not encroach on the $4,500 given to the children. But this principle must be reconciled with the law in Missouri and elsewhere that where beneficiaries have a vested equitable interest or a property right in the proceeds of the policy by contract of the parties, that interest may not be defeated by an effort to change the beneficiaries without their consent. The law in Missouri and elsewhere [5] is clear that a contract obligating the insured to maintain a present policy in full force and effect for the bene-

fit of certain beneficiaries named pursuant to an agreement is valid and that the beneficiaries so named acquire a right in the proceeds of the policy which will be protected against subsequently named beneficiaries who have no superior right. *Prudential Insurance Co. of America v. Gibson*, 421 S.W.2d 26, 33–34 (Mo.App.1967), and cases cited therein; *Perry v. Perry*, 484 S.W.2d 257 (Mo.1972).[6]

■ Considering the whole of paragraph 8 of the stipulation and agreement entered into by Mr. Rogers in 1972, we are compelled to conclude that the agreement meant that he would continue his group policy in full force and effect for the benefit of his children of the marriage to Vanita and any subsequent children born if he remarried. The legal position of the children is that they acquired a vested interest or a property right in the res—the proceeds of the policy—by the stipulation and agreement. Whatever theory is utilized by the authorities, it is clear that the children were by the stipulation and agreement vested with an interest in the group policy which may not be defeated by Mr. Rogers' effort to add Vera as a beneficiary in violation of the terms of the stipulation. *Prudential Insurance Co. of America v. Gibson*, supra, 421 S.W.2d at 34; *Perry v. Perry*, supra, 484 S.W.2d at 258. The stipulation provided that Mr. Rogers agreed to continue the policy in full force and effect and to desig-

---

**5.** *Mutual Life Insurance Co. of New York v. Franck*, 9 Cal.App.2d 528, 50 P.2d 480 (1935)—vested equitable interest; *Shoudy v. Shoudy*, 55 Cal.App. 344, 203 P. 433 (1921)—equitable interest; *Visnik v. Mance*, 326 Pa. 399, 191 A. 127, 129 (1937)—equitable assignee; *Hundertmark v. Hundertmark*, 372 Pa. 138, 93 A.2d 856, 858 (1952); *Campbell v. Prudential Insurance Co.*, Ohio App., 73 Ohio Law Abst. 262, 137 N.E.2d 515, 519 (1955)—estoppel—agreement for the benefit of the children; *Ehrlich v. Cohn*, 1 A.D.2d 1004, 151 N.Y.S.2d 802, aff'd 2 N.Y.2d 886, 161 N.Y.S.2d 143, 141 N.E.2d 627 (1957)—children acquired an equitable interest in policy superior to that of second wife; *Metropolitan Life Insurance Company v. Enright*, 231 F.Supp. 275, 277 (S.D.Cal.1964); *Provident Life and Accident Ins. Co. v. Gammage*, 296 F.Supp. 1331, 1334 (S.D.Ga.1969); *Equitable Life Assur. Soc. of U. S. v. Wilkins*, 44 F.Supp. 594, 595 (E.D.N.Y.1942); *Chilwell v. Chilwell*,

40 Cal.App.2d 550, 105 P.2d 122, 124 (1940); *Ferro v. Bologna*, 31 N.Y.2d 30, 334 N.Y.S.2d 856, 286 N.E.2d 244, 245 (1972); 17 Couch, Insurance, § 63:370, p. 91 (2d ed. 1967); 46 C.J.S. Insurance § 1175, p. 83 (1946); 44 Am. Jur.2d, Insurance, § 1777, pp. 690–691 (1969); Annot., 175 A.L.R. 1231, 1233 (1947).

**6.** In *Perry*, a husband entered into a stipulation with his wife in a divorce proceeding to the effect that he would make his children beneficiaries on the insurance policies so that they would receive the proceeds. The Supreme Court held that "[o]n settled authority, that contract constituted an equitable assignment of the policies for the children's benefit and gave them a vested right to the proceeds, subject to be defeated only by proof of a superior right. . . ." *Perry v. Perry*, supra, 484 S.W.2d at 258.

nate as beneficiaries "the children of the marriage of the parties, equally." It is clear to us that, by the stipulation, Mr. Rogers intended to maintain[7] the group policy for the benefit of his children in equal shares. He expressly stated that "all of his children, whether born of this marriage or hereafter, shall remain on an equal and irrevocable basis."

We agree with the trial court that "[t]he insured [Mr. Rogers] makes no mention of any reservations of the balance and the document when viewed as a whole evidences an attempt to designate the whole policy for the benefit of his minor children rather than limit any one part of it for that purpose. . . ."

Under the provisions of paragraph 8 of the agreement and under the circumstances and under the authorities, we hold that the four children of Mr. Rogers acquired an equal interest in the proceeds of the policy which could not be divested by his subsequent attempt to add the appellant as a beneficiary.

The second contention of appellant—that the court erred in failing to find that the intent of the parties in the stipulation and agreement was to set aside $4,500.00 for the children and not the total amount of the policy benefits—is without merit. Appellant argues that only $4,500 of the total was set aside for the children by the agreement and presumably argues that the balance is to be distributed to the appellant in equal shares with the four children.

■■ The primary rule of the construction of the agreement is to ascertain the intention of the parties and give effect to that contention. *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973). In ascertaining this intention, resort may be had to the circumstances surrounding the formulation and execution of the contract, the relationship of the parties, the purpose to be served, and the course of negotiations, if any. *Prudential Insurance Co. of America v. Gibson*, supra, 421 S.W.2d at 31. Appellant con-

tends that the stipulation is clear and unambiguous in that it set aside only $4,500 to the children. But we conclude as did the trial court that paragraph 8 set aside the total proceeds of the policy for the benefit of Mr. Rogers' four children.

Here the deceased—husband and father—entered into an agreement with his wife as a part of the divorce proceeding. By the stipulation he agreed to continue the policy "in the amount" of $4,500 in full force and effect; he agreed to designate his children as the beneficiaries of the "*aforementioned group life insurance policies*"; he agreed that all his children would remain on an equal and irrevocable basis and agreed to designate his present children as "irrevocable beneficiaries under the aforesaid policies." He agreed to continue to permit deductions from his pay "in order to retain said policies in full force and effect"; he agreed to designate his children as equal beneficiaries. All of this language refutes the appellant's contention that Mr. Rogers intended to set aside only $4,500.00 to his children. Furthermore, the logic of the situation is contrary to appellant's contention. Surely Mr. Rogers as a father would not set aside merely $4,500 for all his children whether born of the marriage to Vanita or born after remarriage. The trial court was clearly correct when it concluded:

> ". . . that the use of the figures totaling $4,500.00 in paragraph 8 of the Agreement was only an attempt to aid in the designation or description of the policy and not an attempt to limit the proceeds. The insured makes no mention of any reservations of the balance and the document when viewed as a whole evidences an attempt to designate the whole policy for the benefit of his minor children rather than limit any one part of it for that purpose. . . ."

The words in the agreement "in the amount" of $4,500 are, we believe, to be words of "designation" rather than "limitation." The policy was issued in 1953; there were multiple increases thereafter. Under all these circumstances, we conclude that

---

**7.** "Maintain" was the word used in *Prudential Insurance Co. of America v. Gibson*, supra.

the stipulation and agreement evinced an intention not to limit the proceeds to $4,500 but to designate the total proceeds of the policy for the benefit of his children. The fact that other provisions of the stipulation and agreement used clearer words does not change that intention indicated in paragraph 8.

We have read the entire transcript, the briefs and all the authorities relied upon by the parties and conclude that the trial court reached a logical, legal and just result.

The judgment is affirmed.

KELLY and GUNN, JJ., concur.