Joseph D. WELCH, as next friend of Lisa Bruner Jabbour, Appellant,

v.

Carol Sue McREYNOLDS, and Jerry Dethrow, Respondents.

No. WD 51950.

Missouri Court of Appeals, Western District.

Submitted July 9, 1996.

Decided Sept. 17, 1996.

Daniel H. Miller, Columbia, for Appellant.

David B. Rogers, Columbia, for Respondent McReynolds.

Herbert C. Willbrand, Columbia, for Respondent Dethrow.

Before HANNA, P.J., and SMART and LAURA DENVIR STITH, JJ.

PER CURIAM.

Joseph D. Welch, as next friend of Lisa Bruner Jabbour, appeals from the dismissal, with prejudice, of an action brought to establish and enforce the rights of Lisa as sole surviving child and heir of Michel John Jabbour. Appellant claims that the trial court erred in dismissing Counts I, II, and III of the petition because all counts stated claims upon which relief could be granted. Affirmed.

Michel John Jabbour died on April 2, 1993. He was survived by his widow, Carol Sue McReynolds, his business partner, Jerry Dethrow, and his daughter by a previous marriage, Lisa Bruner Jabbour. Although Michel had executed his Last Will and Testa-

ment and that will was admitted to probate, no application for letters testamentary or letters of administration was filed. Thus, no probate estate was opened or personal representative was appointed for Michel Jabbour's estate. Carol McReynolds received all of the proceeds from Michel Jabbour's life insurance, his real and personal property, and buy-out monies due under his partnership agreement with Jerry Dethrow. The unprobated will provided in Article III:

> The rest, remainder and residue of my estate of whatsoever nature, both real and personal, and wherever situated and whether acquired before or after the execution of this Will, I give, devise and bequeath to my beloved wife, Carol Sue McReynolds, of Columbia, Missouri, in fee simple absolute. If, however, she should fail to survive me or die in a common accident, then I bequeath the sum of One Thousand Dollars ($1,000.00) to my daughter, Lisa R. Jabbour, knowing that she is provided for by an insurance policy on my life. I give, devise and bequeath all the rest of my residuary estate to my stepchildren....

Carol Ann McReynolds paid Lisa $1,000.00 after Michel's death.

The original petition in the present action was filed on September 29, 1993 naming Carol McReynolds as defendant. An amended petition was filed on August 15, 1995 and added Jerry Dethrow as a defendant. In Count I of the amended petition, plaintiff asks for a reformation of the separation agreement entered into by Lisa's parents, Michel Jabbour and his then wife, Sheree Jabbour. The agreement contained the following provision, "The Husband agrees to continue in effect term life insurance in the amount of at least Fifteen Thousand Dollars ($15,000.00) upon the Husband's Wife with the minor child, Lisa Bruner Jabbour, named as principal beneficiary." Plaintiff alleges that the word "Wife" was the result of a scrivener's typographical error and that the word should have read "life." Lisa was not the beneficiary on any life insurance policy on the life of Michel Jabbour. The proceeds from all of Michel Jabbour's life insurance policies were claimed by and paid to Carol

McReynolds. Plaintiff claimed in the petition that McReynolds' interest in the policies was subordinate to Lisa Jabbour's interest under the separation agreement and therefore McReynolds held these monies as fiduciary and constructive trustee for Lisa Jabbour. Plaintiff prayed for reformation of the separation agreement, a declaration of the nature and extent of Lisa Jabbour's rights to the proceeds of the policies, and the imposition of a constructive trust on any remaining proceeds.

Count II of the amended petition attempts to state a claim for declaration of rights as heir, accounting and settlement of a partnership interest, damages and equitable relief. In this count, the plaintiff asks the court, "to declare the nature and extent of Lisa Bruner Jabbour's rights as the daughter and heir of Michel John Jabbour in and to all assets left by him as well as the 'purchase monies' and proceeds of the life insurance policies on the life on Mership separation agreement." The trial court is asked to place a constructive trust on any remaining proceeds. Additionally, the court is asked to ascertain Lisa's rights to an accounting and settlement by Dethrow.

Jerry Dethrow and Michel Jabbour entered into a partnership agreement on December 6, 1992, forming the Dethjabb Partnership for the purpose of operating Booche's Billiard Hall in Columbia, Missouri. The agreement contained a buy-out provision in the event of the death of one of the partners. The relevant provision reads:

> Upon the death of one of the partners, that deceased partner's interest shall be purchased by the partnership upon payment of the following monies:
>
> One-half (1/2) of the savings tax account at First National Bank, # 122–740–3, computed as of the date of death, but less taxes that have accrued and are due but have not yet been paid, shall be paid to the widow or the then deceased partner's estate. Additionally, one-half (1/2) of the Edward D. Jones passport money account, # 65005947–1–5, shall be paid to the deceased partner's widow or his estate. That fund shall be measured also of the date of death.

The partnership has purchased term life insurance on the partners' lives in the amount of One Hundred Thousand Dollars ($100,000.00) on partner Mick Jabbour and One Hundred Thousand Dollars ($100,000.00) on partner Jerry Dethrow. These policies are owned by the partnership and the premiums are paid by the partnership. Upon the death of either partner, the life insurance proceeds shall be payable to the widow or the estate of the deceased partner. It is the intention of the parties that the payment of one-half of the Edward D. Jones passport money account, and payment of the life insurance proceeds of One Hundred Thousand Dollars ($100,000.00) to the widow of the estate of the deceased partner, that the deceased partner's interest in the partnership, including the capital account, shall been purchased by the remaining partner and the remaining partner then is to own all of the assets of the partnership. The deceased partner's estate shall have no other claim against the partnership.

Following Michel Jabbour's death, Dethrow, pursuant to the agreement, paid Jabbour's widow, Carol Sue McReynolds one-half of the savings tax account at First National Bank, one-half of the Edward D. Jones passport money account and the sum of $100,000.00, the proceeds of the life insurance policy owned by the partnership.

In Count III of the amended petition unjust enrichment is alleged against Carol McReynolds. The petition alleges that Carol McReynolds was unjustly enriched by the life insurance proceeds on the life of Michel Jabbour and asks for judgment for the amount of the proceeds, prejudgment interest and punitive damages.

Both McReynolds and Dethrow filed motions to dismiss with prejudice. In support of their motions both alleged that plaintiff had filed suit against the wrong party, that the applicable statute of limitations had expired and that no count in the petition stated a claim upon which relief could be granted. On September 27, 1995, the trial court sustained McReynolds' motion to dismiss and on November 3, 1995, the trial court sustained Dethrow's motion to dismiss. Plaintiff appeals.

■ "When reviewing the dismissal of a petition, the pleading is granted its broadest intendment, all facts alleged are treated as true, and it is construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief." *Farm Bureau Town & Country Ins. Co. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995). The ruling of the trial court will be affirmed if there is any meritorious ground alleged in the motion to dismiss. *Id.* In the instant case any one of the grounds mentioned in McReynolds' or Dethrow's motions could be considered meritorious.

■ In all three counts, the plaintiff is suing the wrong parties. The proper party in each case is the estate of Michel Jabbour. Furthermore, the applicable statute of limitations has run on any action or actions against the estate. Michel Jabbour died on April 2, 1993. Section 473.444.1, RSMo 1994 [1], states:

> Unless otherwise barred by law, all claims against the estate of a deceased person ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probated division, or are not paid by the personal representative, shall become unenforceable and shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent one year following the date of the decedent's death, whether or not administration of the decedent's estate is had or commenced within such one-year period and whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court.

The statute specifies that claims are time barred unless filed within one year of the decedent's death. Plaintiff did not file suit against the estate within one year of April 2, 1993. Lisa could have applied for letters of administration under § 472.020, as an inter-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

ested person as defined in § 472.010(15). *See Hatfield v. McCluney,* 893 S.W.2d 822, 826 (Mo. banc 1995). She chose not to do so.

■ Count I of the amended petition attempts to plead a cause for reformation of a separation agreement. Carol McReynolds was not a party to that agreement nor did she have an interest therein. Even if the estate had been named as a party in the petition, and even if the document were interpreted to require life insurance on Michel Jabbour's life with Lisa as beneficiary, no action would lie for enforcement of such a clause because such a requirement amounts to an order for posthumous support. *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 539 (Mo.App.1981). A parent is not required to support his children after that parent's death. *Id.* at 538.

■ Similarly, Counts II and III are directed against the wrong defendants and are time barred under § 473.444.1. The theory advanced upon appeal by the plaintiff, that her claims "sprang" into vested property interests when the one year statutory period expired, is wholly without support. Further, she could not be entitled to relief because the property that she is claiming, the life insurance proceeds and buy-out money, would not have passed through intestacy. The partnership interest of Michel Jabbour in the Dethjabb partnership is personal property. Section 358.260. "It is not until the death of the owner that his property becomes subject to the laws of descent and distribution or that the persons designated as heirs have any interest therein, and then the personal property, inclusive of choses in action, goes primarily to the administrators of intestates and to the executors of testates, and not to the heirs." *Wass v. Hammontree,* 77 S.W.2d 1006, 1010 (Mo.1934). Jerry Dethrow paid Carol Ann McReynolds pursuant to the partnership agreement he had with Mick Jabbour. Plaintiff has no cause of action against Dethrow.

Plaintiff also has no cause of action against McReynolds either for the monies paid under the partnership agreement or for any other life insurance proceeds. The trial court acted correctly in sustaining Dethrow's and McReynolds' motions to dismiss.

Affirmed.