*In re* ESTATE OF MICHAEL G. DOWNEY, Deceased (Brian M. Downey *et al.*, Petitioners-Appellants, v. Louella Marie Downey, Ex'r of the Estate of Michael G. Downey, Deceased, Respondent-Appellee).

Fourth District    Nos. 4—97—0212, 4—97—0394 cons.

Opinion filed November 14, 1997.

Henry C. Hagen, of Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellants.

Elizabeth W. Anderson, of Brown, Hay & Stephens, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Michael G. Downey, the decedent, and Cynthia Downey had three children, Brian, Aron, and Evan, the claimants appellants herein. Michael and Cynthia were divorced on February 8, 1991. Their judgment of dissolution contained the following paragraph:

> "D. That petitioner and respondent will maintain life insurance policies on themselves and shall name the children of the parties as irrevocable beneficiaries until such time as the youngest child has reached his 18th birthday."

The record does not indicate whether paragraph D was the result of an agreement by the parties or whether it was ordered by the court on its own initiative.

At the time of the judgment, Michael had two group life insurance policies in the total face amount of $55,000 through his employer, the Highland, Illinois, school district. In the fall of 1992,

Michael left his employment with the school district to attend nursing school, resulting in the termination of the two group policies. In December 1992, Michael purchased a life insurance policy in the face amount of $300,000 from the Valley Forge Life Insurance Company. Michael had married Louella Downey, the executor herein, in June 1991, and he originally designated Louella as the primary beneficiary of the $300,000 policy, with his children as contingent beneficiaries. Louella testified the designation was a mistake, and, shortly after receipt of the policy, Michael changed the designation so that Louella would receive two-thirds of the policy amount and his children would receive one-third.

In April 1994, Michael was diagnosed with cancer. At that time, in connection with the execution of a will, he changed the beneficiary of the $300,000 policy to his estate. His will, dated April 28, 1994, provided that Cynthia be paid a portion of the policy proceeds in "the amount necessary to fund the balance of the child support obligation I would have at the time of my death under the existing Court Order in cause #91—D—47." The residue of the estate was left one-third to the children and two-thirds to Louella. Each child's share was left in trust, with Louella as trustee, until the child reached age 21. The trustee was allowed a fee not to exceed 5% of the annual trust income. Except for the amounts she received as child support, Cynthia was not to have any control over any part of Michael's estate. In December 1994 Michael exercised his right under the $300,000 policy to purchase additional insurance, a separate policy in the amount of $150,000.

Michael died March 8, 1995, and Louella was appointed his executor. At the time of Michael's death, all three children were minors, in the custody of Cynthia. Louella declined to act as trustee of the children's trust and the First National Bank of Central Illinois was appointed by the court to act in her place. The inventory listed (1) the policy proceeds, (2) household furnishings and personal effects worth $1,000, (3) silver worth $2,616.50, and (4) five shares of McCulloch Oil Corporation stock of unknown value. Michael and Louella's residence was titled in Louella's name alone and not inventoried. Louella filed a current account that showed $472,117.84 in receipts (including $453,540.65 from the Valley Forge Life Insurance Company) and $119,613.92 in disbursements (including $103,205.73 to Louella's mother to pay off a loan secured by the residence). The report was approved by the trial court.

The trial court ordered that each of the children receive $5,000 of the assets of the estate as a surviving child's award. See 755 ILCS 5/15—2 (West 1994). Brian's $5,000 was ordered paid to him directly,

as he had attained the age of majority. Aron's and Paul's awards were to be paid to Cynthia, as their guardian and next friend. The trial court also ordered that "the children are entitled to a total amount of back [actually future] child support in the amount of $7,250." See 750 ILCS 5/510(d) (West 1994).

Cynthia, as mother and next friend of the children, filed a claim in the estate. In a memorandum in support of that claim, Cynthia argued that the children were entitled to the entire proceeds of the $300,000 policy and the proceeds of the $150,000 policy as well. Cynthia also argued that the proceeds should not be held in the children's trust created by the will. Cynthia later abandoned any claim to the proceeds of the $150,000 policy. It is interesting to note that under Michael's will the children will receive one-third of Michael's entire estate, including the $150,000 policy, although that amount will be subject to debts of the estate and must be held for a period of time in the children's trust. Cynthia, on behalf of the children, appeals the trial court's order that the children were entitled only to one-third of the $300,000 policy, and that those proceeds should be placed in the children's trust. We affirm.

■ Section 15—2 of the Probate Act of 1975 provides for a surviving child's award in the amount of $5,000. 755 ILCS 5/15—2 (West 1994). A court in a dissolution of marriage case does not have the power to increase that amount. A court in a dissolution of marriage case does not have the power to order that a parent leave a certain amount of property to his child by will. *In re Marriage of Bush*, 191 Ill. App. 3d 249, 262, 547 N.E.2d 590, 597 (1989) ("an unlawful court-ordered inheritance"); *In re Marriage of Rogliano*, 198 Ill. App. 3d 404, 416, 555 N.E.2d 1114, 1121-22 (1990). Provisions for child support, however, are not terminated by the death of a parent obligated to support the child (750 ILCS 5/510(d) (West 1994)), and the court may order assets set aside "in a separate fund or trust for the support, maintenance, education, and general welfare of any minor, dependent, or incompetent child." 750 ILCS 5/503(g) (West 1994). Post-majority support is possible under the Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/513 (West 1994). Under these authorities, the court may require a spouse who was ordered to provide child support to secure the continuation of such support by maintaining certain life insurance policies and naming the child as irrevocable beneficiary of such policies. See *In re Marriage of Clarke*, 125 Ill. App. 3d 432, 436-37, 465 N.E.2d 975, 978 (1984) (holding that a court could not order life insurance to secure maintenance); *cf. In re Marriage of Vernon*, 253 Ill. App. 3d 783, 788-89, 625 N.E.2d 823, 827-28 (1993). Even where the court has no power to order that life

insurance be maintained, the parties may voluntarily agree to do so. The parties do not dispute that the court had the power to enter paragraph D in this case.

■ A number of cases have addressed the situation where a beneficiary designation is not changed after the dissolution of marriage. A former spouse who is the designated beneficiary on an insurance policy is not barred from collecting the proceeds upon the death of the insured merely because they have divorced. *Allen v. Allen*, 226 Ill. App. 3d 576, 582, 589 N.E.2d 1133, 1137 (1992). Nevertheless, a property settlement agreement, or a reference to life insurance in a judgment of dissolution, may limit or terminate a former spouse's right even without a change of beneficiary where such limitation or termination is sufficiently specific. *Allen*, 226 Ill. App. 3d at 584-85, 589 N.E.2d at 1139; *Principal Mutual Life Insurance Co. v. Juntunen*, 189 Ill. App. 3d 224, 226, 545 N.E.2d 224, 225 (1989); *O'Toole v. Central Laborers' Pension & Welfare Funds*, 12 Ill. App. 3d 995, 997, 299 N.E.2d 392, 393-94 (1973). See also 760 ILCS 35/1(a) (West 1994) (dissolution of marriage revokes provisions of trusts executed prior to judgment, to extent revocable). The converse situation is presented in this case, where the children were not named as beneficiaries in any policies, but the judgment of dissolution required that they be named.

■ It is difficult to state a general rule that applies to these cases because there are so many factual variations. We should attempt to give effect to the intent of the court that entered the judgment of dissolution and to the interpretation by the parties of any agreed order. *In re Knazze*, 259 Ill. App. 3d 410, 414, 632 N.E.2d 162, 165 (1994). Where the former spouse or the beneficiaries are to be the beneficiaries of a specific policy, they are entitled to any natural increases in that policy or any substitute policy. *In re Schwass*, 126 Ill. App. 3d 512, 517, 467 N.E.2d 957, 962 (1984); *Allen*, 226 Ill. App. 3d at 586, 589 N.E.2d at 1140 (beneficiaries of the policies and not of any dollar amount). Where increases in that policy are extraordinary, however, and result from the policyholder's intention to purchase additional insurance, they are not covered by the judgment of dissolution. *McWhite v. Equitable Life Assurance Society*, 141 Ill. App. 3d 855, 865, 490 N.E.2d 1310, 1320 (1986); *Allen*, 226 Ill. App. 3d at 588, 589 N.E.2d at 1141. Any other construction "would have eliminated [the decedent's] ability to purchase from his employer any additional protection for a beneficiary not already named in the divorce decree." *McWhite*, 141 Ill. App. 3d at 865, 490 N.E.2d at 1320. The distinction that sometimes is attempted to be drawn between successor policies and additional policies is an artificial one. *Knazze*, 259 Ill. App. 3d at 414, 632 N.E.2d at 165. A policyholder clearly has the right to

purchase additional insurance, and sometimes he may do so by increasing the amount of his existing policy, without taking out a separate policy.

█ Where the policy referred to in the judgment has been allowed to lapse, the beneficiaries may have a constructive trust in a subsequent policy, even though there is no showing that the policyholder intended the second policy to replace the first. *Perkins v. Stuemke*, 223 Ill. App. 3d 839, 585 N.E.2d 1125 (1992). In *Perkins* a successor policy was arguably involved, and it could be argued there was a natural increase in that policy, but the court noted that the judgment of dissolution referred to a "John Hancock insurance policy in the amount of $10,000" (223 Ill. App. 3d at 841, 585 N.E.2d at 1126) and held the specific reference to an amount was significant. Accordingly, although the successor policy contained an accidental death benefit of $10,000 in addition to the $10,000 standard benefit, the former spouse was entitled to a constructive trust only on the $10,000 standard benefit of the policy. *Perkins*, 223 Ill. App. 3d at 846-47, 585 N.E.2d at 1130.

█ In the present case, Michael intended to satisfy his obligation under the judgment of dissolution by his purchase of the $300,000 Valley Forge policy. Cynthia argues that because Michael purchased only one policy, that entire policy must go to the benefit of his children and Louella cannot share in the proceeds. We see no logic in that argument. The $300,000 was not a natural increase in Michael's $55,000 school district group policies or a natural increase in a successor policy that only replaced the school district policies.

The determination of a probate claim is a matter within the discretion of the trial court. We will not reverse the determination of the trial court unless its findings are contrary to the manifest weight of the evidence or unless it has somehow abused its discretion in its ruling. *In re Estate of Desisles*, 59 Ill. App. 2d 194, 201, 208 N.E.2d 122, 125 (1965). We give the same deference to a trial court's decisions in dissolution of marriage cases, including child support cases. *In re Marriage of Davis*, 287 Ill. App. 3d 846, 852, 679 N.E.2d 110, 115 (1997). We cannot say the trial court abused its discretion here in awarding the children one-third of the $300,000 policy.

█ We now address Cynthia's contention that the proceeds of the policy should not be subject to the trust under Michael's will and that the proceeds should be paid directly to any children who are 18 and to her as guardian of the estate of any minor child. Cynthia argues that she and the children are judgment creditors under the judgment of dissolution of marriage and that they bring this action as claimants against Michael's estate, not beneficiaries under his

will. If Michael acted properly in preparing the trust, however, Cynthia and the children should not be allowed to avoid the trust's provisions simply by filing a claim as creditors. If that were possible, every trust beneficiary could avoid trust conditions by filing a claim.

The judgment of dissolution of marriage did not authorize Michael to make his life insurance payable to his estate or to make payments to his children subject to a trust. On the other hand, the judgment did not prohibit such actions. The judgment of dissolution required Michael to name his children as irrevocable beneficiaries, apparently of his school district group policies, until the youngest child was 18. That became impossible when Michael left his employment with the school district. Nothing in the judgment of dissolution addressed replacement policies, and neither party sought any clarification or modification after Michael left his employment. It appears that Michael acted in good faith to replace his insurance coverage and that the replacement coverage, payable into the estate and subject to the trust, substantially complied with the judgment of dissolution. Even married parents who leave large sums of money to their children may choose to stretch out the distribution of those sums, instead of distributing the entire amount to the child at age 18. The reference to age 18 in the judgment of dissolution deals only with Michael's obligation to provide insurance and does not indicate that any particular child is to receive his benefit at age 18. There is no indication that the best interests of the children are adversely affected by the trust.

Although a custodian has the right to "determine the child's upbringing, including but not limited to, his education, health care and religious training" (750 ILCS 5/608(a) (West 1994)), the noncustodian retains certain responsibilities as well (750 ILCS 5/602.1(a) (West 1994)). We would not allow the obligor to control a custodian's use of child support funds (see 1 H. Gitlin, Gitlin on Divorce § 10—5, at 381 n.374, 382 n.375 (2d ed. 1997)), but Cynthia has been paid outright all child support through the majority of each child. Cynthia argues that the children's trust will be subject to trustee's fees, fees greater than Michael authorized in his will, but overall the children have benefitted from Michael's will over what they would have taken under the school district group policies. It was Michael's obligation to provide substitute insurance, and we cannot say that his performance of that obligation violated the terms of the judgment of dissolution or any rights of Cynthia or the children. See *In re Marriage of Marthens*, 215 Ill. App. 3d 590, 598-99, 575 N.E.2d 3, 9 (1991).

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.